UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:

ESTRELLA ACOSTA, and all others
similarly situated under 29 U.S.C. § 216(b);

       Plaintiff(s),
       v.

EVERGREEN GAS & FOOD MART, LLC,
DEL PRADO GAS & FOOD MART, LLC,
EDISON PETROLEUM, INC.
HAMZA RASHID, individually, and
MUNAF RASHID, individually;

       Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT FOR DAMAGES
## AND DEMAND FOR JURY TRIAL

Plaintiff, ESTRELLA ACOSTA ("Plaintiff") pursuant to 29 U.S.C. § 216(b), files the following Collective Action Complaint for Damages and Demand for Jury Trial against Defendants, EVERGREEN GAS & FOOD MART, LLC ("Evergreen Gas"), DEL PRADO GAS & FOOD MART LLC ("Del Prado Gas"), EDISON PETROLEUM, INC. ("Edison Gas"), HAMZA RASHID ("Hamza") and MUNAF RASHID ("Munaf") (Evergreen Gas, Del Prado Gas, Edison Gas, Hamza Rashid and Munaf Rashid collectively "Defendants"), and alleges the following:

## INTRODUCTION

1.      Defendants unlawfully deprived Plaintiff and all other similarly situated employees of federal overtime wages during the course of their employment. Plaintiff endeavored to obtain her federal overtime wages before initiating this lawsuit; however, Defendants refused to rectify violations and spurned Plaintiff for broaching the topic. This action arises under the Fair Labor

Standards Act ("FLSA") pursuant to 29 U.S.C. §§ 201–216, to recover all overtime wages that Defendants refused to pay Plaintiff and all other similarly situated employees during the previous three (3) years.

## PARTIES

2.      During all times material hereto, Plaintiff was a resident of Lee County, Florida, over the age of 18 years, and otherwise *sui juris.*

3.      Plaintiff and the class members are/were hourly Cashiers or Gas Station Attendants who worked for Defendants throughout Lee County, Florida within the last three (3) years.

4.      Plaintiff seeks certification of the following class under 29 U.S.C. § 216(b) for overtime wage violations under the FLSA:

> **Overtime Wage Class:  All hourly Cashiers or Gas Station Attendants employed by Defendants in Lee County, Florida who were not paid overtime wages during the previous three (3) years.**

5.      The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants; however, Plaintiff estimates that the total number of class members exceeds 30 Cashiers and Gas Station Attendants.

6.      During all times material hereto, Defendant Evergreen Gas is and was a Florida limited liability company with its principal location at 14490, N. Cleveland Ave, N. Ft. Myers, FL 33903, within the jurisdiction of this Honorable Court.

7.      During all times material hereto, Defendant Evergreen Gas was vested with control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices as it pertained to Plaintiff.

8.      Defendant, Evergreen Gas, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

2

9.      During all times material hereto, Defendant Del Prado Gas is and was a Florida limited liability company with its principal location at 4715 Del Prado Blvd., Cape Coral, FL 33904, within the jurisdiction of this Honorable Court.

10.     During all times material hereto, Defendant Del Prado Gas was also vested with control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices as it pertained to Plaintiff.

11.     Defendant, Del Prado Gas, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

12.     During all times material hereto, Defendant Edison Gas is and was a Florida for-profit corporation with its principal location at 3006 Palm Beach Blvd., Ft. Myers, Fl 33916, within the jurisdiction of this Honorable Court.

13.     During all times material hereto, Defendant Edison Gas was also vested with control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices as it pertained to Plaintiff.

14.     Defendant, Edison Gas, was also Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

15.     Upon information and belief, Defendant, Hamza, resided in Lee County, Florida during all times pertinent hereto.

16.     Defendant, Hamza, was the owner, president, director and corporate agent of Defendants Evergreen Gas, Del Prado Gas and Edison Gas during the relevant time period.

17.     During all times material hereto, Defendant, Hamza controlled the day-to-day operations of Defendants Evergreen Gas, Del Prado Gas and Edison Gas and its payroll, time keeping practices, hiring, firing, and scheduling of employees, including Plaintiff.

18.     Defendant, Hamza, was Plaintiff's employer, as defined by 29 U.S.C. 203(d), during all times pertinent to the allegations herein.

19.     Upon information and belief, Defendant, Munaf, resided in Lee County, Florida during all times pertinent hereto.

20.     Defendant, Munaf, was also an owner and corporate agent of Defendants Evergreen Gas, Del Prado Gas and Edison Gas during the relevant time period.

21.     During all times material hereto, Defendant, Munaf controlled the day-to-day operations of Defendants Evergreen Gas, Del Prado Gas and Edison Gas and its payroll, time keeping practices, hiring, firing, and scheduling of employees, including Plaintiff.

22.     Defendant, Munaf, was Plaintiff's employer, as defined by 29 U.S.C. 203(d), during all times pertinent to the allegations herein.

23.     Defendants were joint employers of Plaintiff, as defined by the FLSA and all pertinent regulations thereto, during all times material to this Collective Action Complaint.

## JURISDICTION AND VENUE

24.     All acts and omissions giving rise to this dispute took place within Lee County, Florida, which falls within the jurisdiction of this Honorable Court.

25.     The Corporate Defendants are headquartered and regularly transact business in Lee County, Florida, and jurisdiction is therefore proper within the Middle District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

26.     Defendants Hamza and Munaf owned operated Evergreen Gas, Del Prado Gas and Edison Gas within Lee County, Florida within the relevant time period.

27.     Venue is also proper within the Middle District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

4

## **GENERAL ALLEGATIONS**

28.     Defendants, Evergreen Gas, Del Prado Gas and Edison Gas are food marts and gas stations located in Lee County, Florida.

29.     Defendants Hamza and Munaf hired Plaintiff to work for them as an hourly, non-exempt Cashier and Gas Station Attendant at Evergreen Gas, Del Prado Gas and Edison Gas in or around June 2020.

30.     Defendants regularly assigned Plaintiff to work in her capacity as a Cashier and Gas Station Attendant at each of their three (3) gas stations.

31.     During her employment period, Plaintiff's duties included, but were not limited to, assisting patrons to complete retail transactions in the gas stations, accepting payment on behalf of Defendants' customers for various goods and materials, accepting and remitting western union payments for Defendants' customers, stocking shelves, ensuring safety at the gas stations, and other related duties.

32.     When Defendants hired Plaintiff, they advised her that they would pay her overtime wages for her work in excess of forty (40) hours per week beginning on her six (6) month work anniversary.

33.     Defendants initially paid Plaintiff $9.00 per hour.

34.     On or about October 1, 2022, Defendants raised Plaintiff's hourly rate to $12.00 per hour.

35.     During her employment period with Defendants, Plaintiff typically worked approximately 84 hours per week.

36.     However, Defendants did not keep accurate time records to reflect the number of hours Plaintiff worked during one (1) or more weeks of her employment period.

37.     Even after Plaintiff's six (6) month work anniversary, Defendants refused to pay Plaintiff overtime wages for work exceeding forty (40) hours in one (1) or more workweeks.

38.     On or about May 21, 2022, Plaintiff sent a text message to Defendant Hamza to request overtime wages and commissions.

39.     Defendant Hamza responded that **"[n]o one in 30yrs [sic] has gotten overtime.. how would you get it lmao."**[1]

40.     Below is copy of Defendant Hamza's May 21, 2022 text message:



41.     Plaintiff resigned her employment on or about May 22, 2022, after Defendant Hamza ridiculed Plaintiff for requesting overtime wages.

### FLSA COVERAGE

42.     Defendant, Evergreen Gas, is covered under the FLSA through enterprise coverage, as Evergreen Gas was engaged in interstate commerce during all pertinent times in which Plaintiff

---

[1] The acronym "lmao" commonly refers to the phrase "laugh my as* off."

was employed.  More specifically, Evergreen Gas engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Evergreen Gas' business and Plaintiff's work for Evergreen Gas affected interstate commerce because the goods and materials that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

43.     During her employment with Evergreen Gas, Plaintiff handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following: scissors, telephones, pens, notepads, computers, cellular telephones, order forms, eggs, milk, chocolate milk, coffee, Coke, Pepsi, Dr. Pepper, Tylenol, Advil, Benadryl, nail filers, nail clippers, bread, hotdogs, hamburgers, buns, dinner rolls, canned soup, canned meat, bud light, Budweiser, Corona beers, sierra Nevada beer, chewing gum, batteries, tobacco products, coolers, plastic gas cans, air fresheners, cleaning fluids, Redbull, monster drinks, mountain dew, Oreos, Hershey's chocolate bars, plastic silverware, orange juice, Gatorade, tea, pringles, gasoline, credit cards, debit cards, cash, diesel fuel, cheese its, and other related items.

44.     Evergreen Gas also regularly employed two (2) or more employees for the relevant time period who handled the same or similar goods or materials as Plaintiff, thus making Evergreen Gas' business an enterprise covered by the FLSA.

45.     Upon information and belief, Defendant Evergreen Gas grossed or did business in excess of $500,000.00 during the years of 2019, 2020, 2021, and is expected to gross in excess of $500,000.00 in 2022.

46.     During her employment with Evergreen Gas, Plaintiff was regularly and recurrently involved in interstate commerce, or in work directly related to instrumentalities of interstate commerce, or in the maintenance of instrumentalities of interstate commerce, and is therefore

covered under the FLSA through individual coverage. More specifically, during her employment period with Evergreen Gas, Plaintiff regularly and recurrently sold gas and diesel to Evergreen Gas' customers to assist them to move themselves and goods and materials in interstate commerce and on interstate roadways. Plaintiff also regularly and recurrently swiped credit cards and processed credit card transactions with Evergreen Gas' credit card merchants outside of the state of Florida. Moreover, Plaintiff regularly and recurrently remitted and accepted western union payments for Evergreen Gas' customers across state lines and United States borders during her employment period. Accordingly, Plaintiff was individually covered under the FLSA during her employment period with Evergreen Gas.

47.     Defendant, Del Prado Gas, is also covered under the FLSA through enterprise coverage, as Del Prado Gas was engaged in interstate commerce during all pertinent times in which Plaintiff was employed.  More specifically, Del Prado Gas engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Del Prado Gas' business and Plaintiff's work for Del Prado Gas affected interstate commerce because the goods and materials that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

48.     During her employment with Del Prado Gas, Plaintiff handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following: scissors, telephones, pens, notepads, computers, cellular telephones, order forms, eggs, milk, chocolate milk, coffee, Coke, Pepsi, Dr. Pepper, Tylenol, Advil, Benadryl, nail fillers, nail clippers, bread, hotdogs, hamburgers, buns, dinner rolls, canned soup, canned meat, bud light, Budweiser, Corona beers, sierra Nevada beer, chewing gum, batteries, tobacco products, coolers, plastic gas cans, air fresheners, cleaning fluids, Redbull, monster drinks, mountain dew, Oreos,

Hershey's chocolate bars, plastic silverware, orange juice, Gatorade, tea, pringles, gasoline, credit cards, debit cards, cash, diesel fuel, cheese its, and other related items.

49.     Del Prado Gas also regularly employed two (2) or more employees for the relevant time period who handled the same or similar goods or materials as Plaintiff, thus making Del Prado Gas' business an enterprise covered by the FLSA.

50.     Upon information and belief, Defendant Del Prado Gas grossed or did business in excess of $500,000.00 during the years of 2019, 2020, 2021, and is expected to gross in excess of $500,000.00 in 2022.

51.     During her employment with Del Prado Gas, Plaintiff was regularly and recurrently involved in interstate commerce, or in work directly related to instrumentalities of interstate commerce, or in the maintenance of instrumentalities of interstate commerce, and is therefore covered under the FLSA through individual coverage. More specifically, during her employment period with Del Prado Gas, Plaintiff regularly and recurrently sold gas and diesel to Del Prado Gas' customers to assist them to move themselves and goods and materials in interstate commerce and on interstate roadways. Plaintiff also regularly and recurrently swiped credit cards and processed credit card transactions with Del Prado Gas' credit card merchants outside of the state of Florida. Moreover, Plaintiff regularly and recurrently remitted and accepted western union payments for Del Prado Gas' customers across state lines and United States borders during her employment period. Accordingly, Plaintiff was individually covered under the FLSA during her employment period with Del Prado Gas.

52.     Defendant, Edison Gas, is also covered under the FLSA through enterprise coverage, as Edison Gas was engaged in interstate commerce during all pertinent times in which Plaintiff was employed.  More specifically, Edison Gas engaged in interstate commerce by virtue

of the fact that its business activities involved those to which the FLSA applies. Edison Gas'
business and Plaintiff's work for Edison Gas affected interstate commerce because the goods and
materials that Plaintiff used on a constant and/or continuous basis moved through interstate
commerce prior to or subsequent to Plaintiff's use of the same.

53.     During her employment with Edison Gas, Plaintiff handled and worked with
various goods and/or materials that moved through interstate commerce, including, but not limited
to the following: scissors, telephones, pens, notepads, computers, cellular telephones, order forms,
eggs, milk, chocolate milk, coffee, Coke, Pepsi, Dr. Pepper, Tylenol, Advil, Benadryl, nail fillers,
nail clippers, bread, hotdogs, hamburgers, buns, dinner rolls, canned soup, canned meat, bud light,
Budweiser, Corona beers, sierra Nevada beer, chewing gum, batteries, tobacco products, coolers,
plastic gas cans, air fresheners, cleaning fluids, Redbull, monster drinks, mountain dew, Oreos,
Hershey's chocolate bars, plastic silverware, orange juice, Gatorade, tea, pringles, gasoline, credit
cards, debit cards, cash, diesel fuel, cheese its, and other related items.

54.     Edison Gas also regularly employed two (2) or more employees for the relevant
time period who handled the same or similar goods or materials as Plaintiff, thus making Edison
Gas' business an enterprise covered by the FLSA.

55.     Upon information and belief, Defendant Edison Gas grossed or did business in
excess of $500,000.00 during the years of 2019, 2020, 2021, and is expected to gross in excess of
$500,000.00 in 2022.

56.     During her employment with Edison Gas, Plaintiff was regularly and recurrently
involved in interstate commerce, or in work directly related to instrumentalities of interstate
commerce, or in the maintenance of instrumentalities of interstate commerce, and is therefore
covered under the FLSA through individual coverage. More specifically, during her employment

period with Edison Gas, Plaintiff regularly and recurrently sold gas and diesel to Edison Gas'

customers to assist them to move themselves and goods and materials in interstate commerce and

on interstate roadways. Plaintiff also regularly and recurrently swiped credit cards and processed

credit card transactions with Edison Gas' credit card merchants outside of the state of Florida.

Moreover, Plaintiff regularly and recurrently remitted and accepted western union payments for

Edison Gas' customers across state lines and United States borders during her employment period.

Accordingly, Plaintiff was individually covered under the FLSA during her employment period

with Del Prado Gas.

57.     During her employment with Defendants, Plaintiff (i) was paid on an hourly basis;

(ii) did not have supervisory authority over any individuals; (iii) did not make any decisions of

importance on behalf of Defendants, and (iv) was not required to possess any advanced training,

skill, or prolonged education in order to perform any of her primary duties and responsibilities.

58.     During all material times hereto, Plaintiff was a non-exempt, hourly employee of

Defendants, within the meaning of the FLSA.

## JOINT ENTERPRISE COVERAGE ALLEGATIONS

59.     Defendant Hamza is the current owner and operator of Defendants Evergreen Gas,

Del Prado Gas and Edison Gas.

60.     Defendant Munaf was the previous owner and operator of Defendants Evergreen

Gas, Del Prado Gas and Edison Gas.

61.     In or around 2016, Defendants amended their corporate filings with the state of

Florida to remove Munaf as a corporate officer of Defendants Evergreen Gas, Del Prado Gas and

Edison Gas and to replace him with Hamza.

62.     However, on information and belief, Defendant, Munaf, continues to be a *de facto* owner of Defendants, Evergreen Gas, Del Prado Gas and Edison Gas as of the date of this filing.

63.     During all times material hereto, Defendants Evergreen Gas, Del Prado Gas and Edison Gas performed substantially related business activities, as these corporate entities focused their operations on owning and operating gas stations and food marts.

64.     During all times material hereto, Defendants, Evergreen Gas, Del Prado Gas and Edison Gas used central management and/or common control, through Munaf and Hamza, to effectuate their common business needs.

65.     Moreover, during all times material hereto, Defendants, Evergreen Gas, Del Prado Gas and Edison Gas were engaged in offering substantially the same or similar services and goods to their customers and employees.

66.     Defendants, Evergreen Gas, Del Prado Gas and Edison Gas also shared a common business purpose during all times material hereto.

67.     During all times material hereto, Defendants, Evergreen Gas, Del Prado Gas and Edison Gas were controlled and operated by Defendants Hamza and Munaf.

68.     During times material hereto, Defendants Evergreen Gas, Del Prado Gas and Edison Gas shared employees and resources.

69.     Depending on the specific business needs of the day, Defendants Hamza and Munaf scheduled Plaintiff to work for them at Evergreen Gas, Del Prado Gas or Edison Gas.

70.     The gross revenue of Defendants, Evergreen Gas, Del Prado Gas and Edison Gas, was collectively in excess of $500,000.00 in, 2019, 2020, 2021 and are expected to collectively gross in excess of $500,000.00 in 2022.

71.     Defendants, Evergreen Gas, Del Prado Gas and Edison Gas intermingle resources, finances, employees and supplies to provide services, goods and materials to their customers and employees.

## CLASS ALLEGATIONS

72.     Class members are treated equally and similarly in Lee County, Florida in that they were denied full and proper federal overtime wages during the course of the previous three (3) years.

73.     Class members are treated equally and similarly in Lee County, Florida in that Defendants failed to maintain time records for all Cashiers and Gas Station Attendants during the course of the previous three (3) years.

74.     Defendants' refusal to pay overtime wages to Cashiers and Gas Station Attendants is a common policy or plan that uniformly leads to overtime wage violations with respect to each and every hourly laborer who works in excess of forty (40) hours in a workweek.

75.     Indeed, Defendant Hamza admitted in writing that he has not paid his employees overtime wages for the previous thirty (30) years.

76.     Defendants have employed dozens of hourly Cashiers and Gas Station Attendants in Lee County, Florida who were not paid overtime wages as a result of Defendants' refusal to comply with federal wage and hour laws over the course of the previous three (3) years.

77.     Plaintiff and the class members were subjected to the same employment policies, regardless of their worksite within Lee County, Florida.

78.     Plaintiff and the class members performed the same or similar job duties for Defendants and were not compensated federally mandated overtime wages during the previous three (3) years.

13

79.     Defendants were aware of the requirements of the FLSA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207
### (Against all Defendants)

80.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 79 as though set forth fully herein.

81.     Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

82.     Defendants refused to pay Plaintiff one-and-one-half times her regular hourly rate for certain hours that the Plaintiff worked in excess of forty (40) hours in one or more weeks of her employment with the Defendants.

83.     Plaintiff therefore claims the applicable federal overtime wage rate for all of the unpaid hours over forty (40) that she worked during her employment.

84.     Plaintiff seeks recovery of federal overtime wages under 29 U.S.C. § 216(b) for herself and the following class because of Defendants' failure to pay federally mandated overtime wages:

> **All hourly Cashiers or Gas Station Attendants employed by Defendants in Lee County, Florida who were not paid overtime wages during the previous three (3) years.**

85.     Defendants willfully and intentionally refused to pay Plaintiff the applicable federal overtime wages as required by the FLSA, as Defendants knew or should have known of the FLSA's overtime wage requirements.

86.     Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

14

87.     Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double damages.

88.     As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, ESTRELLA ACOSTA, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, EVERGREEN GAS & FOOD MART, LLC, DEL PRADO GAS & FOOD MART LLC, EDISON PETROLEUM, INC., HAMZA RASHID and MUNAF RASHID, and award Plaintiff: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) liquidated damages to be paid by the Defendants jointly and severally; (c) reasonable attorney's fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff, ESTRELLA ACOSTA, demands a trial by jury on all appropriate claims.

**Dated: June 10, 2022**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS- JORDAN RICHARDS, PLLC**
1800 SE 10the Ave, Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
Jordan@jordanrichardspllc.com
Jake@jordanrichardspllc.com

15

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on June 10, 2022.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST:

16